```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

BERNADETTE MOTLEY,

                Plaintiff,        13 Cv. 7856 (JGK)

    - against -               OPINION AND ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Bernadette Motley, seeks review of the final decision of the defendant, the Acting Commissioner of Social Security (the "Commissioner"), that the plaintiff does not qualify for Disabled Adult Child ("DAC") benefits because she has not established that the insured, John H. Torrence, was her father. Tr. 12–14.[1] The defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

### I.

    On September 1, 2011, the plaintiff submitted an application for DAC benefits, basing her claim on her relationship to Torrence, who she said was her father. Tr. 12–13. At the time of this application, the plaintiff was

---

[1] Tr. refers to the certified transcript of the administrative record submitted by the defendant.

1

receiving supplemental security income (SSI) benefits, and had received benefits claimed under Martin Motley ("Motley"), who is listed on the plaintiff's birth certificate as her father.  Tr. 16.  Plaintiff stated in her application that she no longer wanted to receive benefits under Motley, and instead she wanted to receive benefits under Torrence.  Tr. 17-18, 24-25.

After the plaintiff's claim was denied on August 26, 2012, because she failed to provide sufficient proof of her relationship to Torrence, the plaintiff requested a hearing to review the decision.  Tr. 28, 73.  The Administrative Law Judge ("ALJ") held a hearing on December 5, 2012, and denied the plaintiff's claims on December 28, 2012.  The ALJ considered documents submitted by the plaintiff, including proof that she was a beneficiary of Torrence's life insurance policy, Torrence's death certificate listing the plaintiff as his daughter, and a letter from Rev. Robert Jeffers, the pastor at the plaintiff's mother's church, stating that Torrence was considered the plaintiff's father.  Tr. 13-15.  The ALJ found that the plaintiff did not supply any genetic test or other evidence to identify a biological relationship with Torrence, nor did the plaintiff provide evidence that Torrence was decreed by a court to be her biological parent, or ordered by a court to contribute to her support, or that Torrence had acknowledged in

writing that the plaintiff was his child.  Tr. 14.  The ALJ found that the plaintiff did not provide sufficient evidence to establish her eligibility for benefits as Torrence's child under Title II of the Social Security Act.  Tr. 15.  After the Appeals Council declined review on September 23, 2013, the decision of the ALJ became the final decision of the Commissioner.  Tr. 2.

**II.**

The ALJ correctly rejected the plaintiff's application because the plaintiff has not proved that she is Torrence's child, as required by 42 U.S.C. § 402(d)(1) and defined by 42 U.S.C. § 416.

**A.**

A court may set aside a determination made by the Commissioner only if it is based on legal error or is not supported by substantial evidence in the record.  See 42 U.S.C. § 405(g) (2012); Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004), as amended on reh'g in part, 416 F.3d 101 (2d Cir. 2005).  See also Bushansky v. Comm'r of Soc. Sec., No. 13cv2574, 2014 WL 4746092, at *4 (S.D.N.Y. 2014).  In reviewing the decision of the Commissioner, "substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Selian v.

Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks and alterations omitted).

**B.**

To establish eligibility for DAC benefits, an applicant must first show that she is a "child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual . . . ." 42 U.S.C. § 402(d)(1)(2011).

The statute sets forth several ways to determine whether an applicant is a "child" within the definition of 42 U.S.C. § 416(e). First, the applicant would be considered a child if she is able to inherit the personal property of the insured individual under the law of the state in which the parent was domiciled, in this case the State of New York. 42 U.S.C. § 416(h)(2)(A); Tr. 12-15. Second, if the applicant does not meet the state intestacy requirement the Act sets forth several alternative tests.

New York State intestacy laws allow for a non-marital child to inherit from a deceased father if (1) a court has made an order of filiation, (2) the father has appropriately executed an

4

acknowledgement of paternity, (3) paternity has been established by "clear and convincing evidence" which may include "evidence that the father openly and notoriously acknowledged the child as his own," or evidence derived from a genetic marker test. Social Security Program Operations Manual System GN 00306.575(B); N.Y. Est. Powers & Trusts Law § 4-1.2 (McKinney 2010).

Furthermore, under New York State law, in the case of a child born to married parents, there is a presumption of legitimacy, namely that the child's father is her mother's husband.  See Fung v. Fung, 655 N.Y.S.2d 657, 657 (App. Div. 1997) ("[T]his presumption has been described as one of the strongest and most persuasive known to the law.")(citation omitted).  In order for a child born to married parents to establish her status as a natural child of another father, she must present "clear and convincing proof . . . excluding the husband as the father or tending to disprove legitimacy" to rebut this presumption.  See L.M. v. J.S., 787 N.Y.S.2d 833, 836 (N.Y. Fam. Ct. 2004).

The plaintiff failed to prove that she would be considered Torrence's child under New York intestacy law. The plaintiff produced evidence that the James J. Peters Veterans Administration Medical Center had a record that she was the next

5

of kin for Torrence, that she had access to his medical records, that she attended his funeral and was listed as his daughter on his death certificate, and that she was a beneficiary of Torrence's life insurance policy. Tr. 68, 59, 45, 51, 43. Rev. Robert Jeffers, the pastor at the plaintiff's mother's church, explained that the plaintiff's mother had a number of children including the plaintiff, and that the plaintiff's mother lived with Torrence, who "was considered the father" of the plaintiff. Tr. 100. A number of the documents submitted by the plaintiff were created many years after Torrence's death. See, e.g. Tr. 68, 45, 100, 43. None of these documents includes a court order of filiation or child support, an acknowledgement of paternity by Torrence, evidence of a genetic marker test or evidence that Torrence openly and notoriously acknowledged her as his child. See Thomas v. Astrue, 674 F. Supp. 2d 507, 526 (S.D.N.Y. 2009) ("[P]roof of acknowledgment can be shown by oral declarations, a paper trail of documents, or acts from which the acknowledgment can be logically inferred.") (citation omitted); see also Howell ex rel. Howell v. Barnhart, 265 F. Supp. 2d 268, 271–72 (S.D.N.Y. 2003) (declining to rely on documents created after insured's death, or letters from family and friends, to establish paternity through acknowledgment). Furthermore the plaintiff has not indicated that any such documents exist.

6

In addition, the plaintiff stated that Motley and her mother were legally married until he died, and that Motley is listed as her father on her birth certificate.  Tr. 210, 213.  The plaintiff did not produce clear and convincing proof to rebut the presumptive legitimacy of her birth as Motley's child.

## c.

Section 416 sets forth additional tests through which an applicant may qualify as a child.  An applicant may qualify as a child under federal law if the insured individual and the child's mother "went through a marriage ceremony resulting in a purported marriage between them which, but for a legal impediment . . . would have been a valid marriage."  42 U.S.C. § 416(h)(2)(B)(2010).  Second, an applicant may establish her eligibility if the insured, deceased individual (1) "had acknowledged in writing that the applicant is" his child, (2) "had been decreed by a court" to be the father, or (3) "had been ordered by a court to contribute to the support of the applicant because the applicant is" his child.  42 U.S.C. § 416(h)(3)(C)(i).  Lastly, the applicant can prove her status as a child by "evidence satisfactory to the Commissioner of Social Security" that the insured individual was the parent of the applicant, and was living with or supporting the applicant at

the time the insured individual died.  42 U.S.C. § 416(h)(3)(C)(ii).

The Social Security Administration has published regulations that explain the criteria to determine the status of an applicant as a "natural child" of an insured person.  20 C.F.R. § 404.355.  These criteria mirror the statutory language, with the addition that if the applicant is relying on a court order or decree to prove the applicant's status as a child, the decree or order must have been made or issued before the death of the insured person.  20 C.F.R. § 404.355(a)(3).  The regulation also makes clear that if there is evidence "to show that the insured is [the applicant's] natural father" then the applicant must also "have evidence to show that the insured was either living with [the applicant] or contributing to [her] support at the time [she] applied for benefits."  20 C.F.R. § 404.355(a)(4).

The plaintiff failed to prove that she would be considered Torrence's child under the Social Security Act and regulations.  The plaintiff stated that while her mother and Torrence lived together, they did not get married.  Tr. 224.  The plaintiff did not show that Torrence "acknowledged in writing that" she was his child, "had been decreed by a court" to be her father, or "had been ordered by a court to contribute to the support" of

her as his child.  42 U.S.C. § 416(h)(3)(C)(i).  The plaintiff has not shown that Torrence was her father or that Torrence was living with or supporting her at the time of his death.  42 U.S.C. § 416(h)(3)(C)(ii).  The plaintiff has not shown that she meets the requirements to be eligible for Social Security disability benefits as Torrence's child. Therefore, substantial evidence supported the ALJ's finding.

## Conclusion

For the reasons explained above, the defendant's motion for judgment on the pleadings is **granted**. The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**

**Dated:    New York, New York
           December 4, 2014**                _____/s/_____
                                                  **John G. Koeltl
                                             United States District Judge**

9